### POWELL v. ROTHENSIES.
### Civil Action No. 2636.

District Court, E. D. Pennsylvania.

Dec. 9, 1942.

A. Lincoln Meyers, of Philadelphia, Pa., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Clarence E. Dawson, Sp. Assts. to Atty. Gen., and Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for defendant.

BARD, District Judge.

This action was instituted for the recovery of excise taxes, interest and penalty assessed under Section 603 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 608, and paid by the plaintiff. The complaint sets forth the following allegations: During the period in question plaintiff packaged and distributed an ointment manufactured by another. She did not own the formula for the ointment, prescribe its ingredients, nor in any way control its production. Plaintiff paid the manufacturer a price including the excise tax imposed by the above section of the Revenue Act of 1932 and did not pass the tax on to the consumers. On November 24, 1941, plaintiff paid the tax assessed against her as the manufacturer of the ointment and filed a claim for refund with the Commissioner of Internal Revenue. This claim was denied by a letter from the Commissioner of Internal Revenue dated June 17, 1942, a copy of which is attached to the complaint.

The defendant has filed a motion to dismiss the complaint on the ground that the claim for refund filed by the plaintiff with the Commissioner of Internal Revenue failed to include an allegation that plaintiff did not include the tax as part of the price of the article nor collect it from the vendees, and that hence no action for refund may be maintained. In support of this con-

tention defendant relies upon Section 621 (d) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 621, and Article 71 of Treasury Regulations 46.

The question sought to be raised by the defendant is not properly before the court upon this motion to dismiss. While the complaint contains a copy of the letter of the Commissioner of Internal Revenue denying the claim for refund on the ground, inter alia, that plaintiff failed to establish that she had absorbed the tax and not passed it on to the vendees of the ointment, it contains no copy of the claim which plaintiff filed with the Commissioner. A motion to dismiss may not be based upon the contents of documents not a part of the complaint. Whether plaintiff's claim before the Commissioner did or did not contain an allegation which defendant asserts was required by the Revenue Act of 1932 cannot be determined from the present record.

Motion denied.